[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15332
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00119-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX ALBERTO BERNAL,
a.k.a. Chiparro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 10, 2013)

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Felix Alberto Bernal appeals his 135-month total sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute, and to distribute, methamphetamine (Count 1) and possessing with intent to distribute, and distributing methamphetamine (Count 2).  On appeal, Bernal argues that: (1) his sentence was unreasonable because the district court failed to consider any 18 U.S.C. § 3553(a) factor except the advisory guideline range; and (2) the court improperly considered Bernal's lack of candor during his safety-valve debriefing and before the court, thus unfairly punishing him for unsuccessfully seeking safety-valve relief.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  However, we review de novo whether a district court considered an impermissible factor.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

In reviewing sentences for reasonableness, we perform two steps.  Pugh, 515 F.3d at 1190.  First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any

2

deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  A district court may consider "any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."  U.S.S.G. § 1B1.4; see 18 U.S.C. § 3661 (providing that a sentencing court may consider the defendant's background, character, and conduct).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51).  Applying "deferential" review, we must determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011).  We will "vacate the

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011).

The party challenging the sentence bears the burden to show it is unreasonable. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir.), cert. denied, 131 S.Ct. 674 (2010). While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable. Talley, 431 F.3d at 788. A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum). Though the court is required to consider all the factors contained within § 3553(a), it need not necessarily reference or discuss each one. Talley, 431 F.3d at 786.

First, Bernal fails to show that his sentence was procedurally unreasonable. The court addressed each of Bernal's arguments regarding his sentencing and said that it had considered the policy goals and factors encompassed within § 3553(a). So although the court did not address each § 3553(a) factor, its acknowledgement that it had, indeed, considered all of these factors was sufficient. See id. Further,

Bernal's lack of candor at his safety-valve debriefing and sentencing hearing was evidence of his character and conduct and, thus, not an improper consideration for sentencing purposes. See U.S.S.G. § 1B1.4. And in any event, his lack of candor is properly considered as part of his history and characteristics. 18 U.S.C. § 3553(a)(1). As for Bernal's claim that he was punished for attempting to comply with the debriefing requirements in obtaining a safety-valve reduction, he claims no error in the district court's finding that he was not truthful.

Nor has Bernal demonstrated that his sentence was substantively unreasonable. To the extent that Bernal is objecting to the court's weighing of the § 3553(a) factors, his argument fails. First, the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. Clay, 483 F.3d at 743. Moreover, Bernal's lack of candor at his debriefing and before the court was relevant to evaluating his "history and characteristics," and we will not second guess the district court's judgment regarding the appropriate weight to give a § 3553(a) factor. Snipes, 611 F.3d at 872; 18 U.S.C. § 3553(a)(1). Because Bernal's sentence was within the applicable guideline range, we would ordinarily expect the sentence to be reasonable. Talley, 431 F.3d at 788. Finally, Bernal's 135-month sentence (equivalent to 11.25 years) was substantially below the statutory maximums for both Counts One and Two, life and 40 years respectively, yet another indicator of reasonableness. See Gonzalez, 550 F.3d at 1324.

5

**AFFIRMED.**